IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           **Case No. 06-40138-01-RDR**

THOMAS GUY CARAWAY,

        Defendant.

**MEMORANDUM AND ORDER**

Defendant is charged with causing an explosive device to be delivered by the U.S. Postal Service with the intent to injure another person in violation of 18 U.S.C. § 1716; conspiracy to cause an explosive device to be delivered by the U.S. Postal Service in violation of 18 U.S.C. § 371; and possessing a firearm or destructive device during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  This case is now before the court upon defendant's three pretrial motions.  However, only one of the motions requires discussion.  Defendant's motion to disclose expert testimony (Doc. No. 21) and defendant's motion to suppress eyewitness identification testimony (Doc. No. 18) are conceded by the government and shall be granted by the court.  The motion that remains is defendant's motion to suppress evidence obtained pursuant to a search warrant.  (Doc. No. 20).

This motion challenges the search of defendant's home premises on the grounds that the affidavit for the search warrant did not

provide probable cause that evidence of a crime would be found at defendant's residence.

The affidavit, dated February 6, 2004, contains the following information which is paraphrased from the affidavit:

> On January 29, 2004 a package addressed to Spud Owens was delivered by U.S. Postal authorities to his residence.  Because Owens was not home, the package was placed in Owens' truck.  On January 30, 2004, Owens saw the package in his truck and opened it.  The package was wrapped in greenish/brown paper with a large amount of duct tape.  There was a cardboard box inside which contained a black tool box.  When the tool box was opened it exploded and Owens was injured.  The bomb was made with shotgun shells containing variously sized fragments, two pipes welded to the tool box, four C cell batteries and a plastic bottle containing a liquid that smelled like turpentine.
> Owens had an affair with defendant's wife, Denise Caraway, and in the summer of 2003 she left defendant for Owens.  Since that time defendant has bothered his ex-wife. Recently, according to Owens, defendant threatened Denise Caraway.  Denise Caraway and her 19-year-old daughter Jessica Caraway have reported that defendant has made statements wishing to do harm to Owens.  Denise Caraway has reported acts of vandalism she believes were committed by defendant.
> Defendant has experience making "pop bottle" bombs (from dry ice and water) and large fireworks.  He has spoken about making bombs and there have been reports from Jessica Caraway and neighbors about explosions and weapons firing on defendant's property.  Defendant has talked about making "big" firecrackers, and has threatened to blow up Denise Caraway's car.
> Jessica Caraway stated that defendant possesses welding equipment, masking paper, string and shotgun shell casings on his property. Denise Caraway has stated that defendant had a shotgun shell reloader and gun powder.  Jessica Caraway said her father hates Owens.
> The package had a fictitious Manhattan address for a return address.  The package was mailed in Wamego, Kansas.  The search warrant was for defendant's rural property near Delia, Kansas which is approximately thirty to forty miles from Wamego.
> An anonymous postal customer, who identified himself

as a family friend of defendant, stated that defendant made the bomb and that defendant's son mailed the bomb.

The Tenth Circuit discussed the standards applied to determine the sufficiency of a search warrant affidavit in U.S. v. Danhauer, 229 F.3d 1002, 1005-06 (10th Cir. 2000):

> A search warrant must be supported by probable cause, requiring "more than mere suspicion but less evidence than is necessary to convict." United States v. Burns, 624 F.2d 95, 99 (10th Cir. 1980). "Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched." United States v. Corral-Corral, 899 F.2d 927, 937 (10th Cir. 1990). An affidavit in support of a search warrant must contain facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity. See [United States v. Rowland, 145 F.3d 1194, 1204 (10th Cir. 1998)]. In making a probable cause determination, the issuing magistrate must examine the totality of the circumstances set forth in the affidavit, including an informant's veracity and basis of knowledge. See Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Although reviewing courts should afford a magistrate's probable cause decision great deference, this court will not defer if there is no "substantial basis for concluding that probable cause existed." Rowland, 145 F.3d at 1204 (quotations omitted).

Threats to use explosives and prior complaints or reports regarding gunfire and explosions are relevant to finding probable cause for a search warrant. See U.S. v. Salter, 358 F.3d 1080, 1084-85 (8th Cir. 2004). Affidavits which establish a motive to engage in a bombing in addition to other information provide probable cause for a search warrant. See U.S. v. Moody, 977 F.2d 1425, 1431 (11th Cir. 1992) cert. denied, 507 U.S. 1052 (1993); U.S. v. Haala, 532 F.2d 1324, 1326-1328 (10th Cir. 1976); see also, U.S.

3

v. Carr, 8 Fed.Appx. 749, 2001 WL 418570 (9th Cir.) cert. denied, 534 U.S. 1008 (2001).  One may also infer that, in cases where the device to commit a crime must be assembled, evidence of the assembly process may be found at the suspect's residence.  Anthony v. U.S., 667 F.2d 870, 874-75 (10th Cir. 1981) cert. denied, 457 U.S. 1133 (1982).  Probable cause may also be supported by an anonymous informant if there is sufficient independent corroboration of the informant's information.  See U.S. v. Artez, 389 F.3d 1106, 1110 (10th Cir. 2004).

Upon careful review, the court believes the search warrant at issue was supported by probable cause.  There was undisputed probable cause to believe that a crime occurred.  There was probable cause to believe that defendant committed the crime because he had the motive, the means, the knowledge, the opportunity and the materials to commit the crime.  In addition, an anonymous informant stated that defendant made the explosive device.  There was also probable cause to believe that the materials and other evidence of the crime would be found at defendant's residence.  Therefore, the court shall reject defendant's motion to suppress.

Even if the affidavit did not establish probable cause, the good faith exception to the exclusionary rule would apply and require the court to deny the motion to suppress.  The affidavit in support of the search warrant was not so lacking in indicia of

4

probable cause as to render the magistrate judge's belief in its existence entirely unreasonable.  See U.S. v. Leon, 468 U.S. 897, 922-23 (1984) (objectively reasonable good faith reliance upon a search warrant provides an exception to the exclusionary rule); Danhauer, 229 F.3d at 1007-08 (same).  Defendant asserts that the magistrate judge in this instance abandoned his neutrality.  But, the court finds no evidence or inference that such was the case.

The motion to suppress evidence from the search warrant (Doc. No. 20) shall be denied.  The motion to suppress eyewitness identification (Doc. No. 18) and the motion for disclosure of expert testimony (Doc. No. 21) shall be granted.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge