# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

**v.**

**THOMAS GUY CARAWAY,**

          **Defendant.**

**Case No. 06-CR-40138-01-DDC**

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Thomas Guy Caraway's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 133. The government has filed a Motion to Dismiss Mr. Caraway's Motion under § 2255. Doc. 139. For reasons explained below, the court denies Mr. Caraway's motion and grants the government's motion.

### I.   Factual Background

On April 20, 2007, a jury convicted Mr. Caraway on two charges: (1) causing an explosive device to be delivered by U.S. Mail, in violation of 18 U.S.C. §§ 1716(a), 1716(j)(2), and 2; and (2) possessing an explosive device during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 2. *See* Doc. 60; Doc. 74 at 1. The court sentenced Mr. Caraway to 30 years' imprisonment. Doc. 74 at 2. The Tenth Circuit affirmed Mr. Caraway's convictions on July 28, 2008. Doc. 98-1; *see also United States v. Caraway*, 534 F.3d 1290 (10th Cir. 2008).

On October 19, 2009, Mr. Caraway filed a motion to vacate his sentence under 28 U.S.C. § 2255. Doc. 100. The court denied Mr. Caraway's motion on the merits on September 15, 2010. Doc. 119; *see also United States v. Caraway*, No. 06-40138-01-RDR, 2010 WL 3721689

(D. Kan. Sept. 15, 2010).  The court also denied Mr. Caraway's request for a certificate of appealability.  Doc. 125.  Mr. Caraway appealed, and the Tenth Circuit affirmed the decision denying his § 2255 motion and certificate of appealability on March 30, 2011.  Doc. 128; *see also United States v. Caraway*, 417 F. App'x 828 (10th Cir. Mar. 30, 2011).  The Supreme Court denied Mr. Caraway's petition for writ of certiorari on November 7, 2011.  *Caraway v. United States*, 132 S. Ct. 565 (2011).

Mr. Caraway, proceeding pro se,[1] now has filed a second § 2255 motion.  Doc. 133.  Mr. Caraway argues that the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders his sentence "excessive because of the 924(c) enhancement."  Doc. 133 at 4.  The court addresses Mr. Caraway's assertion below.

## II.    Legal Standard

A prisoner may not file a second or successive § 2255 motion unless he first seeks and procures an order from the appropriate court of appeals authorizing the district court to consider the motion.  Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9; *see also United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).  A district court does not have jurisdiction to decide the merits of a federal prisoner's second or successive § 2255 motion unless and until the circuit court grants the required authorization.  *Nelson*, 465 F.3d at 1148.  But, as the Tenth Circuit has explained, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631."  *In re Cline*, 531 F.3d 1249, 1252 (10th

---

[1]  Because Mr. Caraway files his motion pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Cir. 2008) (citations omitted).  Alternatively, the court "may dismiss the motion or petition for lack of jurisdiction."  *Id.*

### III.     Analysis

The government asserts that the court lacks jurisdiction to decide Mr. Caraway's motion because it is a successive motion under § 2255.  As explained above, Mr. Caraway previously filed a § 2255 motion to vacate his sentence.  Doc. 100.  The court denied this motion, and the Tenth Circuit affirmed the denial.  Docs. 119, 128.  The pending motion thus is a second or successive § 2255 motion.  And, Mr. Caraway has not obtained the requisite authorization from our Circuit.  The court thus lacks jurisdiction to decide the motion.  *See In re Cline*, 531 F.3d at 1251.

So, the court must decide whether to dismiss the case or transfer it to the Tenth Circuit under 28 U.S.C. § 1631, thus giving the Circuit an opportunity to decide whether to grant Mr. Caraway the required authorization to file a successive § 2255 motion.  *Id.* at 1252.  Section 1631 provides that if a district court lacks jurisdiction over an action, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought."  28 U.S.C. § 1631.  "Although . . . § 1631 contain[s] the word 'shall,' [the Tenth Circuit has] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."  *In re Cline*, 531 F.3d at 1251 (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006)).  When a district court decides whether a transfer is in the interest of justice, it should consider the following factors:  "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and

whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* (citing *Trujillo*, 465 F.3d at 1223 n.16).

The court concludes that the second factor is dispositive here. The claim alleged in Mr. Caraway's successive § 2255 motion is not likely meritorious because the Supreme Court's *Johnson* decision does not apply to Mr. Caraway's conviction. So, a transfer is not in the interest of justice.

*Johnson* held that the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2557. Section 924(e) increases a defendant's prison term to a minimum of 15 years and a maximum of life if he or she "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B)(ii) defines "violent felony" as "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court explained that the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another"—is referred to as the residual clause. *Johnson*, 135 S. Ct. at 2556.

To decide whether the residual clause applies to a defendant's conduct, the court must "picture the kind of conduct that the crime involves in the ordinary case, and to judge whether that abstraction presents a serious potential risk of physical injury." *Id.* at 2557 (citations and internal quotation marks omitted). The Supreme Court determined that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* And, thus, the Court held that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Supreme Court also

4

made clear, however, that *Johnson* does not call into question application of Act to the four enumerated offenses [in § 924(e)(2)(B)(ii)], or the remainder of the Act's definition of violent felony." *Id.* at 2563.

Mr. Caraway asserts that *Johnson* requires the court to vacate his sentence. This is simply wrong. *Johnson*'s holding is irrelevant to Mr. Caraway because he never was sentenced under the residual clause of the ACCA. Mr. Caraway was convicted under two different subsections of § 924, that is 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii). To the extent Mr. Caraway argues that the *Johnson* holding requires the court to conclude that § 924(c) is unconstitutionally vague for the same reasons that the Supreme Court determined that the ACCA's residual clause is unconstitutionally vague, the court rejects that argument.

Section 924(c) increases the punishment of "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. §§ 924(c)(1)(A). Section 924(c)(3)(B) defines "crime of violence" as "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Several courts have concluded that this language "does not suffer from the same constitutional deficiencies" as the ACCA's residual clause invalidated in *Johnson*. *See Kundo v. United States*, No. 2:16-CV-436-DAK, 2016 WL 3079755, at *3 (D. Utah May 31, 2016); *see also United States v. Hill*, 832 F.3d 135, 146 (2d Cir. 2016); *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015); *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016); *United States v. Prickett*, 839 F.3d 697, 699–700 (8th Cir. 2016); *United States v. Fox*, 650 F. App'x

734, 737–38 (11th Cir. 2016).  These courts all have reasoned that § 924(c)'s "crime of violence" residual clause requires the court to examine "real-world conduct"—*i.e.*, "the actual conduct of a defendant in an open case before the court"—instead of using an abstract inquiry to determine if a past conviction is violent, as the ACCA's residual clause requires.  *Kundo*, 2016 WL 3079755, at *2–3; *see also Hill*, 832 F.3d at 148; *Taylor*, 814 F.3d at 378; *Prickett*, 839 F.3d at 699*; Fox*, 650 F. App'x at 737–38.

The court finds these decisions persuasive.  Although the Tenth Circuit has not decided this issue, the court predicts that the Circuit would follow the reasoning of the above-cited decisions if presented with this issue, and it would not extend *Johnson*'s holding to the "crime of violence" residual clause found in 18 U.S.C. § 924(c)(1)(B)(ii).  The court thus concludes that *Johnson* provides no basis for Mr. Caraway to challenge his sentence under § 2255.

Because Mr. Caraway is not likely to prevail on the merits of his § 2255 motion, the court concludes that transferring the motion to the Tenth Circuit would not serve the interest of justice. The court also declines to issue a certificate of appealability because no reasonable jurist would find the court's assessment of the constitutional claims debatable or wrong.  *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (explaining that, to obtain a certificate of appealability, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (citation and internal quotation marks omitted)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Thomas Guy Caraway's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 133) is denied.

**IT IS FURTHER ORDERED THAT** the government's Motion to Dismiss (Doc. 139) is granted.

6

**IT IS FURTHER ORDERED** that Mr. Caraway's motion shall not be transferred to the Tenth Circuit to consider issuing a certificate under 28 U.S.C. § 2244 because doing so would not serve the interest of justice. The court also declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**Dated this 29th day of December 2016, at Topeka, Kansas.**

s/ Daniel D. Crabtree_____
**Daniel D. Crabtree**
**United States District Judge**
