# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS GUY CARAWAY,

    Defendant.

Case No. 06-40138-01-DDC

## MEMORANDUM AND ORDER

This matter is before the court on pro se[1] defendant Thomas Guy Caraway's "Motion to Reopen Closed Case" under Federal Rule of Civil Procedure 60(b)(3), Federal Rule of Criminal Procedure 37(a), D. Kan. Rule 7.1, or D. Kan. Rule 7.6. Doc. 143. For reasons explained below, the court denies Mr. Caraway's Motion.

**I.     Background**

On April 30, 2007, a jury convicted Mr. Caraway of the following: (1) causing an explosive device to be delivered by U.S. Mail, in violation of 18 U.S.C. §§ 1716(a), 1716(j)(2), and 2; and (2) possessing an explosive device during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 2. *See* Doc. 60; Doc. 74 at 1. The

---

[1]     Because Mr. Caraway proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, Mr. Caraway's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

court sentenced Mr. Caraway to 30 years' imprisonment. Doc. 74 at 2. Mr. Caraway appealed, and the Tenth Circuit affirmed Mr. Caraway's convictions on July 28, 2008. Doc. 98-1; *see also generally United States v. Caraway*, 534 F.3d 1290 (10th Cir. 2008).

On October 19, 2009, Mr. Caraway filed his first motion to vacate his sentence under 28 U.S.C. § 2255. Doc. 100. The court denied Mr. Caraway's motion on the merits on September 15, 2010. Doc. 119; *see also generally United States v. Caraway*, No. 06-40138-01-RDR, 2010 WL 3721689 (D. Kan. Sept. 15, 2010). The court also denied Mr. Caraway's request for a certificate of appealability. Doc. 125. Mr. Caraway appealed, and, on March 30, 2011, the Tenth Circuit affirmed this court's decision denying his § 2255 motion and certificate of appealability. Doc. 128; *see also generally United States v. Caraway*, 417 F. App'x 828 (10th Cir. 2011). Then, the Supreme Court denied Mr. Caraway's petition for writ of certiorari on November 7, 2011, thus ending his first § 2255 challenge. *Caraway v. United States*, 132 S. Ct. 565 (2011).

Mr. Caraway filed his second § 2255 motion on June 13, 2016. It argued that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered his sentence "excessive because of the 924(c) enhancement." Doc. 133 at 4. The court denied his motion because it lacked subject matter jurisdiction to decide it. The court also declined to transfer Mr. Caraway's second § 2255 motion to the Tenth Circuit because transfer would not have served the interest of justice. Doc. 140.

Now, Mr. Caraway has filed a "Motion to Reopen Closed Case." Doc. 143. It cites Federal Rule of Civil Procedure 60(b)(3), Federal Rule of Criminal Procedure 37(a), and D. Kan. Rules 7.1 and 7.6 as the bases for relief. The court discusses the arguments he makes in this motion, below.

2

## II.     Legal Standard

Mr. Caraway cites several rules as ones providing grounds for bringing his Motion. But three of these rules can provide no basis for the relief he seeks. First, Fed. R. Crim. P. 37(a) does not apply to Mr. Caraway's case because that rule allows a district court to take limited action on a motion despite having no jurisdiction because of a docketed and pending appeal. Here, no appeal is docketed or pending before the Tenth Circuit, so Rule 37 can't apply. Next, Mr. Caraway cites D. Kan. Rules 7.1 and 7.6. These rules simply provide requirements for motions, supporting briefs, and memoranda in civil cases. So, those rules don't provide a basis for a motion. This conclusion leaves Rule 60(b)(3) as the last rule cited by Mr. Caraway. The court thus construes Mr. Caraway's Motion only as a motion made under Fed. R. Civ. P. 60(b)(3).

Rule 60(b)(3) allows the court to relieve a party from a final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). But the court first must consider whether Mr. Caraway's motion "should be construed as a successive § 2255 motion," thus depriving the court of jurisdiction to decide it. *United States v. Baker*, No. 06-10129-JTM, 2012 WL 6130285, at *1 (D. Kan. Dec. 10, 2012) (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

"Whether a postjudgment pleading should be construed as a successive § 2255 motion depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself." *Baker*, 2012 WL 6130285, at *1 (citing *Nelson*, 465 F.3d at 1147). If the post-judgment pleading argues a "'new ground for relief'" from the original judgment, the court should treat that pleading as a successive § 2255 motion. *Id.* (quoting *Nelson*, 465 F.3d at 1147). But if the post-judgment

pleading challenges earlier federal habeas proceedings, the court should not characterize it as a successive § 2255 motion. *Id.* (citing *Nelson*, 465 F.3d at 1147).

If the court construes a post-judgment pleading as a successive § 2255 motion, the plaintiff first must get approval from a Tenth Circuit panel to file it. *Id.* (citing *Nelson*, 465 F.3d at 1148–49). Unless the Circuit approves filing of a successive § 2255 motion, the district court lacks jurisdiction to decide the motion. *Id.* (citing *Nelson*, 465 F.3d at 1148). Also, the Tenth Circuit has explained, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). Alternatively, the court "may dismiss the motion or petition for lack of jurisdiction." *Id.*

### III.   Analysis

Mr. Caraway's Motion argues that no proper warrant existed for his arrest. He directs the court to Doc. 9—the warrant for his arrest. He represents that a United States Deputy Marshal arrested him around 8:00 a.m. on November 8, 2006, at his place of employment. But, he asserts, Doc. 9 reports that the warrant was executed at 11:20 a.m. on November 8, 2006. Mr. Caraway argues that the Deputy Marshal "falsified the federal record." Doc. 143 at 3. Additionally, Mr. Caraway contends that District Judge John W. Lungstrum never signed the warrant, rendering it invalid under Federal Rule of Civil Procedure 4(d) or Federal Rule of Criminal Procedure 9(f). Mr. Caraway concludes that a Deputy Clerk of the Court "'issued' the warrant (post arrest) but failed to have the same <u>signed by a judge</u> as mandated." *Id.* So, Mr. Caraway argues, his Fourth Amendment due process rights were violated.

4

Though Mr. Caraway has styled his Motion as one under Rule 60(b)(3), in substance, it is a successive § 2255 motion. Mr. Caraway's Motion raises a new ground for relief from the original judgment entered against him: the validity of the warrant the court issued in 2006 authorizing his arrest. His Motion does not challenge an earlier habeas proceeding. The court thus lacks jurisdiction to reach the merits of Mr. Caraway's Motion. He must first seek approval from a Tenth Circuit panel to file his successive § 2255 Motion.

Having drawn that conclusion, the court next must decide whether to dismiss the case or transfer it to the Tenth Circuit under 28 U.S.C. § 1631, thus giving the Circuit an opportunity to decide whether to grant Mr. Caraway the required authorization to file a successive § 2255 motion. *Id.* at 1252. Section 1631 provides that when a district court lacks jurisdiction over an action, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought." 28 U.S.C. § 1631. "Although . . . § 1631 contain[s] the word 'shall,' [the Tenth Circuit has] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *In re Cline*, 531 F.3d at 1251 (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006)). When deciding whether a transfer is in the interest of justice, a district court should consider the following factors: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* (citing *Trujillo*, 465 F.3d at 1223 n.16).

As the court concluded in its earlier Order (Doc. 140) on Mr. Caraway's most recent

§ 2255 motion, the second *Cline* factor is dispositive here. Federal Rule of Criminal Procedure 9 requires the court to issue a warrant for a criminal defendant charged by indictment or information. Fed. R. Crim. P. 9(a). The warrant must comply with three of the four requirements in Federal Rule of Criminal Procedure 4(b)(1). Fed. R. Crim. P. 9(b)(1). Namely, the warrant must:

> (A) contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty;
>
> (B) describe the offense charged in the complaint; [and]
>
> (C) command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer[.]

*Id.* But Rule 9(b)(1) also authorizes the Clerk of the Court—and not a judge—to sign the warrant, which must "describe the offense charged in the indictment or information." *Id.* The officer executing the warrant "must return it to the judge before whom the defendant is brought." Fed. R. Crim. P. 4(c)(4)(A).

Here, the court construes Mr. Caraway's Motion to argue that no proper warrant authorized his arrest for two reasons. First, the time of execution that the Deputy Marshal had reported on the executed return of the warrant differed from the time when, according to Mr. Caraway, he was arrested. And second, Judge Lungstrum never signed the warrant. But neither of the grounds that Mr. Caraway's Motion raises is likely to succeed on their merits. Mr. Caraway was charged with an Indictment (Doc. 1), so Rule 9(b)(1) applies—and that Rule requires the Clerk of the Court to sign the warrant, not a judge. The executed, returned arrest warrant for Mr. Caraway shows that the Clerk had signed the warrant. Doc. 9. And Rule 4(c)(4)(A) only requires the officer executing the warrant to return it—it contains no

requirements that the officer report the time when the warrant was executed. Mr. Caraway thus presents no viable arguments challenging the validity of his arrest warrant.

Since Mr. Caraway is not likely to prevail on the merits of his § 2255 Motion, the court finds that transferring the Motion to the Tenth Circuit would not serve the interest of justice. The court also declines to issue a certificate of appealability because no reasonable jurist would find the court's assessment of Mr. Caraway's asserted constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (explaining that, to obtain a certificate of appealability, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (citation and internal quotation marks omitted)).

The court thus denies Mr. Caraway's "Motion to Reopen Closed Case" (Doc. 143) and declines to issue Mr. Caraway a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Thomas Guy Caraway's "Motion to Reopen Closed Case" (Doc. 143) is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of March, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
