# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>THOMAS GUY CARAWAY,<br><br>  Defendant. | Case No. 06-40138-01-DDC |

## MEMORANDUM AND ORDER

This matter is before the court on pro se[1] defendant Thomas Guy Caraway's "Motion to Dismiss Void March 6, 2019, Memorandum and Order of Court or in Alternative Motion for Reconsideration of Order" under Federal Rules of Civil Procedure 59(e) or, alternatively, 60(b), and Federal Rule of Civil Procedure 12(b)(6). Doc. 145. For reasons explained below, the court denies Mr. Caraway's motion.

**I.    Background**

On April 30, 2007, a jury convicted Mr. Caraway of the following: (1) causing an explosive device to be delivered by U.S. Mail, in violation of 18 U.S.C. §§ 1716(a), 1716(j)(2), and 2; and (2) possessing an explosive device during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 2. *See* Doc. 60; Doc. 74 at 1. The

---

[1]    As the court explained in its most recent Order (Doc. 140), because Mr. Caraway proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, Mr. Caraway's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

court sentenced Mr. Caraway to 30 years' imprisonment. Doc. 74 at 2. Mr. Caraway appealed, and the Tenth Circuit affirmed Mr. Caraway's convictions on July 28, 2008. Doc. 98-1; *see also generally United States v. Caraway*, 534 F.3d 1290 (10th Cir. 2008).

On October 19, 2009, Mr. Caraway filed his first motion to vacate his sentence under 28 U.S.C. § 2255. Doc. 100. The court denied Mr. Caraway's motion on its merits on September 15, 2010. Doc. 119; *see also generally United States v. Caraway*, No. 06-40138-01-RDR, 2010 WL 3721689 (D. Kan. Sept. 15, 2010). The court also denied Mr. Caraway's request for a certificate of appealability. Doc. 125. Mr. Caraway appealed, and, on March 30, 2011, the Tenth Circuit affirmed this court's decision denying his § 2255 motion and certificate of appealability. Doc. 128; *see also generally United States v. Caraway*, 417 F. App'x 828 (10th Cir. 2011). Then, the Supreme Court denied Mr. Caraway's petition for a writ of certiorari on November 7, 2011, thus ending his first § 2255 challenge. *Caraway v. United States*, 132 S. Ct. 565 (2011).

Mr. Caraway filed his second § 2255 motion on June 13, 2016. It argued that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered his sentence "excessive because of the 924(c) enhancement." Doc. 133 at 4. The court denied his motion because it lacked subject matter jurisdiction to decide it. The court also declined to transfer Mr. Caraway's second § 2255 motion to the Tenth Circuit because transfer would not have served the interest of justice. Doc. 140.

Then, on January 14, 2019, Mr. Caraway filed a "Motion to Reopen Closed Case." Doc. 143. He asserted that no proper warrant existed for his arrest. Specifically, he argued that the warrant (Doc. 9) misreported the time when a United States Deputy Marshal had served him with the warrant. He also contended that no judge had signed the warrant. On March 6, 2019, the

court denied his motion because it raised a new ground for relief from the original judgment entered against him, and thus constituted another successive § 2255 motion. Doc. 144. The court thus lacked subject matter jurisdiction to decide the motion, and it again declined to transfer Mr. Caraway's successive § 2255 motion to the Tenth Circuit because transfer would not have served the interest of justice.

Mr. Caraway now has filed a motion asking the court either to dismiss its March 6, 2019, Order or, alternatively, reconsider that Order. He seeks relief under Federal Rules of Civil Procedure 60(b), 59(e), and 12(b)(6).

## II.     Legal Standard

Mr. Caraway lists several rules as grounds for the relief his motion seeks. One of these rules can provide no basis for this relief. Rule 12(b)(6) does not apply to Mr. Caraway's case—that rule allows a defendant in a civil case to file a responsive pleading asserting a defense that a plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Mr. Caraway cites two other rules to support his arguments: Rule 60(b) and Rule 59(e). First, Rule 60(b) permits a district court to relieve a party from a final judgment or order. A court may grant a Rule 60(b) motion on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But, relief under Rule 60(b) is "'extraordinary and may only be granted in exceptional circumstances.'" *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quoting *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011)). And, second, Rule 59(e) allows a district court to "alter or amend a judgment." Fed. R. Civ. P. 59(e).

3

But, first, the court must consider whether Mr. Caraway's motion "should be construed as a successive § 2255 motion," thus depriving the court of subject matter jurisdiction to decide it. *United States v. Baker*, No. 06-10129-JTM, 2012 WL 6130285, at *1 (D. Kan. Dec. 10, 2012) (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)). "Whether a postjudgment pleading should be construed as a successive § 2255 motion depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself." *Baker*, 2012 WL 6130285, at *1 (citing *Nelson*, 465 F.3d at 1147). More specifically, "a 'true' 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (internal citations omitted) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Courts must "look at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction." *United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) (citing *Nelson*, 465 F.3d at 1149).

Procedurally, "[t]he district court should first determine . . . whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas*, 464 F.3d at 1216. If the court concludes that "a motion contain[s] both true Rule 60(b) allegations and second or successive habeas claims[,] . . . the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to [the Tenth Circuit] for authorization." *Id.* at 1217.

4

**III.    Analysis**

The court liberally construes Mr. Caraway's motion as a "'mixed' motion," using the Tenth Circuit's naming convention. *Id.* In the sections below, the court identifies Mr. Caraway's arguments that qualify as true Rule 60(b) arguments and then identifies other arguments as successive § 2255 arguments. The court, of course, cannot exercise subject matter jurisdiction over the latter category.

*First*, Mr. Caraway reasserts some of the same arguments that he previously asserted in his January 14, 2019, "Motion to Reopen Closed Case" (Doc. 143). He argues, for a second time, that a defective warrant for his arrest (Doc. 9) divested the court of jurisdiction at the outset of the case. Mr. Caraway asserts that a Deputy Marshal recorded on the warrant (Doc. 9) that he executed it at 11:20 a.m. on November 9, 2006. But, Mr. Caraway contends, the warrant also reflects that it was "file[]-stamped" 11:21 a.m. on November 9, 2016. Doc. 145 at 5. Thus, Mr. Caraway argues, the warrant is "materially false or conflicted." *Id.* Also, Mr. Caraway again contends that District Judge John W. Lungstrum never signed the warrant, rendering it invalid under Federal Rule of Criminal Procedure 4(b)(1)(D). These purported "jurisdictional irregularities," Mr. Caraway asserts, divested the court of authority to enter any orders in this case, including the March 6, 2019, Order denying his "Motion to Reopen Closed Case." *Id.* at 6.

This portion of Mr. Caraway's most recent motion is yet another successive § 2255 motion. Mr. Caraway styles his motion as one asking only that the court reconsider its March 6 Order. But, this part of his motion again challenges the validity of the warrant the court issued in 2006 authorizing his arrest. In other words, he again seeks relief from the original judgment entered against him. This portion of the motion doesn't challenge an earlier habeas proceeding. The court thus lacks subject matter jurisdiction to evaluate the merits of these arguments because

5

they merely reassert a ground for relief from the judgment against Mr. Caraway resulting from an allegedly deficient warrant. *See Baker*, 2012 WL 6130285, at *1.

*Second*, Mr. Caraway's motion adds two other arguments challenging the March 6 Order. First, he asserts, the court administratively closed his case on July 30, 2007, and thus—Mr. Caraway contends—it cannot enter any orders "without first re-establishing [its] jurisdiction . . . if it was ever in fact lawfully established." Doc. 145 at 7. And, second, Mr. Caraway generally asserts that the court has failed to adhere to the "less stringent standard" the Tenth Circuit directs the court to apply when evaluating pro se filings. *Id.* at 2, 10, 11; *see also Hall*, 935 F.2d at 1110; *Clark*, 468 F.3d at 713 n.1.

The court liberally construes these arguments as raising procedural issues and "defect[s] in the integrity" of the court's March 6 Order. *See Spitznas*, 464 F.3d at 1216. *Spitznas* identified examples of procedural and integrity-based arguments that qualify as true Rule 60(b) assertions. "[A] motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion." *Spitznas*, 464 F.3d at 1216. And, in the context of "[a] Rule 60(b) motion asserting fraud or other defect in the integrity of the federal habeas proceeding[,]"

> whether [such] a 60(b) motion . . . constitutes a true 60(b) motion depends on the fraud alleged. If the alleged fraud on the court relates *solely* to fraud perpetrated on the federal habeas court, then the motion will be considered a true 60(b) motion. . . . However, if the fraud on the habeas court includes (or necessarily implies) related fraud on the state court (or the federal district court that convicted and/or sentenced the movant in the case of a § 2255 motion), then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding.

*Id.*

So, as the Tenth Circuit has directed, the court evaluates these arguments under Rule 60(b)'s framework. Mr. Caraway's papers never specify which part of Rule 60(b) he seeks to

6

invoke. But, the court understands Mr. Caraway's motion to argue that the court's Order denying his motion to reopen his case is void for lack of jurisdiction. *See* Fed. R. Civ. P. 60(b)(4) (allowing the court to grant a party relief from an order because "the judgment is void"). The court also construes his motion as one seeking relief under Rule 60(b)(6)—"any other reason that justifies relief"—because, Mr. Caraway contends, the court failed to apply the "less stringent" standard our court uses to evaluate pro se filings. *See Hall*, 935 F.2d at 1110.

The court rejects Mr. Caraway's assertion that administrative closing of his case divested the court of subject matter jurisdiction and personal jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("'[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002))); Fed. R. Crim. P. 12(b)(1) (requiring that motions identifying "a defect in instituting the prosecution," such as lack of personal jurisdiction, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits"); *see also United States v. Vreeken*, 803 F.2d 1085, 1088 (10th Cir. 1986) ("Although, under Rule 12(b)(2), objections challenging the court's jurisdiction may be made at any time, the term 'jurisdiction' as used there refers solely to subject matter jurisdiction, not to personal jurisdiction."). An administrative closure is just that—administrative. It has no bearing on jurisdiction. The court thus is unpersuaded that its March 6 Order is void under Rule 60(b)(4) for lack of subject matter jurisdiction.

Mr. Caraway's argument that the court did not evaluate his "Motion to Reopen Closed Case" using the appropriate pro se standard also fails to satisfy Rule 60(b)(6)'s requirements. Mr. Caraway does not identify any portions of the record supporting his claim that the court failed to apply the pro se standard. Alone, this argument doesn't rise to the level of an

7

"'extraordinary circumstance[]'" warranting exercise of the court's "'broad authority to relieve a party from a[n] [order]'" such as the March 6 Order at issue here. *See Shepard v. Rangel*, 730 F. App'x 610, 614 (10th Cir. 2018) (explaining that courts may exercise this authority "when 'necessary to accomplish justice' based on 'extraordinary circumstances'" (quoting *State Bank of S. Utah v. Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996))). In short, the court thus concludes that Rule 60(b) also cannot award relief based on Mr. Caraway's challenge to the integrity of earlier habeas proceedings in this case.

Having drawn these conclusions, the court again must decide whether to (1) dismiss the portion of Mr. Caraway's motion that raises successive arguments or (2) transfer it to the Tenth Circuit under 28 U.S.C. § 1631, thus giving the Circuit an opportunity to decide whether to grant Mr. Caraway the required authorization to file a successive § 2255 motion. *See Spitznas*, 464 F.3d at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Section 1631 provides that when a district court lacks jurisdiction over an action, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought." 28 U.S.C. § 1631. "Although . . . § 1631 contain[s] the word 'shall,' [the Tenth Circuit has] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Cline*, 531 F.3d at 1251 (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006)). When deciding whether a transfer is in the interest of justice, a district court should consider the following factors: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* (citing *Trujillo*, 465 F.3d at 1223 n.16).

As the court concluded in two prior Orders (Docs. 140 & 144) on Mr. Caraway's earlier § 2255 motions, the second *Cline* factor again is dispositive. The court explained in its March 6 Order that Federal Rule of Criminal Procedure 9 requires the court to issue a warrant for a criminal defendant charged by indictment or information. The warrant must comply with three of the four requirements in Federal Rule of Criminal Procedure 4(b)(1). Fed. R. Crim. P. 9(b)(1). Namely, the warrant must:

> (A) contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty;
>
> (B) describe the offense charged in the complaint; [and]
>
> (C) command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer[.]

*Id.* But Rule 9(b)(1) also authorizes the Clerk of the Court—and not a judge—to sign the warrant, which must "describe the offense charged in the indictment or information." *Id.* The officer executing the warrant "must return it to the judge before whom the defendant is brought." Fed. R. Crim. P. 4(c)(4)(A).

The court also explained in its March 6 Order that Mr. Caraway's arguments that the warrant is void—however persistent they are—are wholly unpersuasive. Neither of the grounds his motion raises is likely to succeed on its merits. The government charged Mr. Caraway with an Indictment (Doc. 1), so Rule 9(b)(1) applies—and that rule requires the Clerk of the Court to sign the warrant, not a judge. The executed, returned arrest warrant for Mr. Caraway shows that the Clerk had signed the warrant. Doc. 9. And, Rule 4(c)(4)(A) only requires the officer executing the warrant to return it—it contains no requirements that the officer report the time when the warrant was executed. Mr. Caraway thus presents no viable arguments challenging the validity of his arrest warrant.

Since Mr. Caraway is unlikely to prevail on the merits of his successive § 2255 motion, the court finds that transferring the motion to the Tenth Circuit would not serve the interest of justice. The court also declines to issue a certificate of appealability because no reasonable jurist would find the court's assessment of Mr. Caraway's asserted constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (explaining that, to receive a certificate of appealability, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (citation and internal quotation marks omitted)).

The court thus denies Mr. Caraway's motion and declines to issue Mr. Caraway a certificate of appealability for the portions of his motion that assert successive § 2255 arguments, described above. To the extent Mr. Caraway's motion raises successive § 2255 arguments, the court concludes it is without subject matter jurisdiction to evaluate them. But, the court has subject matter jurisdiction to consider and evaluate Mr. Caraway's arguments under Fed. R. Civ. P. 60(b). The court denies those portions of his motion on their merits.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Thomas Guy Caraway's "Motion to Dismiss Void March 6, 2019, Memorandum and Order of Court or in Alternative Motion for Reconsideration of Order" (Doc. 145) is denied in part and dismissed for lack of subject matter jurisdiction in part.

**IT IS SO ORDERED.**

**Dated this 8th day of May, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
