# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 06-40138-01-DDC

THOMAS GUY CARAWAY,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on a limited remand from the Tenth Circuit in pro se[1] defendant Thomas Guy Caraway's case. On May 8, 2019, the court issued an Order denying Mr. Caraway's most recent motion: a "Motion to Dismiss Void March 6, 2019, Memorandum and Order of Court or in Alternative Motion for Reconsideration of Order." Doc. 145. On May 29, 2019, the Tenth Circuit entered an Order directing the court to "consider whether to issue a [certificate of appealability] as to the Rule 60(b) claims" Mr. Caraway asserted in his motion. Doc. 152 at 2.

## I.    Legal Standard

A court can issue a COA only if the party applying for it "has 'made a substantial showing of the denial of a constitutional right.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)

---

[1]    As the court explained in its most recent Order (Doc. 140), because Mr. Caraway proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, Mr. Caraway's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

(quoting 28 U.S.C. § 2253(c)(2)). To satisfy this standard, the Supreme Court has determined, the applicant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The applicant must show that those "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). As the Tenth Circuit explained in its limited remand Order, a certificate of appealability is "required to appeal the denial of a Rule 60(b) motion in a habeas case." Doc. 152 at 2 (citing *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006)).

In its May 8, 2019, Order, this court concluded that Mr. Caraway's motion had asserted two Rule 60(b) claims. First, Mr. Caraway contended that the court could not enter any orders "without first re-establishing [its] jurisdiction . . . if it was ever in fact lawfully established." Doc. 145 at 7. He based this argument on the court's July 30, 2007, administrative closure of the case. And, second, Mr. Caraway generally asserted that the court had failed to adhere to the "less stringent standard" the Tenth Circuit directs the court to apply when evaluating pro se filings. *Id.* at 2, 10, 11; *see also Hall*, 935 F.2d at 1110; *Clark*, 468 F.3d at 713 n.1. The May 8, 2019, Order rejected both arguments. An administrative closure has no bearing on jurisdiction. Doc. 146 at 7. And, Mr. Caraway did not identify any portions of the record supporting his claim that the court had failed to apply the pro se standard. *Id.* at 7–8.

The court concludes that no reasonable jurist would find the court's assessment of Mr. Caraway's Rule 60(b) claims debatable or wrong. *See Tennard*, 542 U.S. at 282. The court thus declines to issue a certificate of appealability for Mr. Caraway's Rule 60(b) claims in his

"Motion to Dismiss Void March 6, 2019, Memorandum and Order of Court or in Alternative Motion for Reconsideration of Order" (Doc. 145).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Thomas Guy Caraway is denied a certificate of appealability for his claims under Federal Rule of Civil Procedure 60(b) in his "Motion to Dismiss Void March 6, 2019, Memorandum and Order of Court or in Alternative Motion for Reconsideration of Order" (Doc. 145).

**IT IS SO ORDERED.**

**Dated this 18th day of June, 2019, at Kansas City, Kansas.**

      **s/ Daniel D. Crabtree**
      **Daniel D. Crabtree**
      **United States District Judge**