IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS GUY CARAWAY,

    Defendant.

Case No. 06-40138-01-DDC

## MEMORANDUM AND ORDER

This matter is before the court on pro se[1] defendant Thomas Guy Caraway's "Request for Leave to Appear Amicus Curiae as Inmate-to-Inmate Pro Bono Tutor and Bureau of Prisons Separated Assistant." Doc. 156. For reasons explained below, the court denies Mr. Caraway's motion.

Defendant's motion explains that another inmate named Lamar C. Chapman, who is incarcerated in Butner, North Carolina, has assisted defendant with his post-conviction proceedings. The court understands defendant's motion to ask the court to allow Mr. Chapman to appear on defendant's behalf. Mr. Caraway's motion also asserts that the United States Attorney's Office has directed the warden of the facility where defendant is incarcerated to relocate Mr. Chapman "to impede an excessive custody habeas corpus claim against" the

---

[1] As the court previously has explained, because Mr. Caraway proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, Mr. Caraway's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

warden. *Id.* at 2. Defendant argues that he is "functionally illiterate" and that denying his motion will cause him irreparable harm. *Id.* at 4.

Mr. Chapman is not a party to this case, nor is he an attorney admitted to practice before our court. "[P]arties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. But, "[n]on-attorney pro se litigants cannot represent other pro se parties." *Perry v. Stout*, No. 00-2411, 2001 WL 1158997, at *1 (10th Cir. Sept. 28, 2001). The court thus denies defendant's motion for Mr. Chapman to appear on defendant's behalf. To the extent that defendant's motion asks the court to involve itself in any matter affecting Mr. Chapman's place of incarceration, the court likewise denies that motion. The court will play no role in any decision to relocate (or not to relocate) Mr. Chapman.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Thomas Guy Caraway's "Request for Leave to Appear Amicus Curiae as Inmate-to-Inmate Pro Bono Tutor and Bureau of Prisons Separated Assistant" (Doc. 156) is denied.

**IT IS SO ORDERED.**

**Dated this 23rd day of July, 2019, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**