IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

     Case No. 06-40138-01-DDC

THOMAS GUY CARAWAY,

     Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on pro se[1] defendant Thomas Guy Caraway's "Motion to

Reopen Closed Case" (Doc. 161) under Rule of Civil Procedure 60(b)(3), and "Verified Petition

to Disqualify, Recuse, Remove Daniel D. Crabtree as neutrality wanted Bias and Alien-

Appointed" under 18 U.S.C. § 144 or alternatively § 455(a) (Doc. 160-1). *See also* Doc. 160

("Notice of Filing"). For the reasons explained below, the court denies both of Mr. Caraway's

motions.

## I.    Background

On April 30, 2007, a jury convicted Mr. Caraway of the following: (1) causing an

explosive device to be delivered by U.S. Mail, in violation of 18 U.S.C. §§ 1716(a), 1716(j)(2),

---

[1]    Since Mr. Caraway proceeds pro se, the court construes his filings liberally and holds them to "a
less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the
plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his
confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with
pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the
court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, Mr.
Caraway's pro se status does not excuse him from complying with the court's rules or facing the
consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing
*Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

and 2; and (2) possessing an explosive device during and in relation to a crime of violence, in

violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 2. *See* Doc. 60; Doc. 74 at 1. The

court sentenced Mr. Caraway to 30 years' imprisonment. Doc. 74 at 2. Mr. Caraway appealed,

and the Tenth Circuit affirmed Mr. Caraway's convictions on July 28, 2008. Doc. 98-1; *see*

*generally United States v. Caraway*, 534 F.3d 1290 (10th Cir. 2008).

On October 19, 2009, Mr. Caraway filed his first motion to vacate his sentence under 28

U.S.C. § 2255. Doc. 100. The court denied Mr. Caraway's motion on its merits on September

15, 2010. Doc. 119; *see also United States v. Caraway*, No. 06-40138-01-RDR, 2010 WL

3721689 (D. Kan. Sept. 15, 2010). The court also denied Mr. Caraway's request for a certificate

of appealability. Doc. 125. Mr. Caraway appealed, and, on March 30, 2011, the Tenth Circuit

affirmed this court's decision denying his § 2255 motion and certificate of appealability. Doc.

128; *see also United States v. Caraway*, 417 F. App'x 828 (10th Cir. 2011). Then, the Supreme

Court denied Mr. Caraway's petition for a writ of certiorari on November 7, 2011, thus ending

his first § 2255 challenge. *Caraway v. United States*, 565 U.S. 1020, 1020 (2011).

Mr. Caraway filed his second § 2255 motion on June 13, 2016. Doc. 133. It argued that

the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered his

sentence "excessive because of the 924(c) enhancement." *Id.* at 4. The court denied this motion

because it lacked subject matter jurisdiction to decide it. Doc. 140. The court also declined to

transfer Mr. Caraway's second § 2255 motion to the Tenth Circuit because transfer would not

have served the interest of justice. *Id.*

Then, on January 14, 2019, Mr. Caraway filed a "Motion to Reopen Closed Case." Doc.

143. He asserted that no proper warrant existed for his arrest. Specifically, he argued that the

warrant (Doc. 9) misreported the time when a United States Deputy Marshal had served him with

the warrant. He also contended that no judge had signed the warrant. On March 6, 2019, the court denied his motion because it raised a new ground for relief from the original judgment entered against him, and thus constituted a successive § 2255 motion. Doc. 144. The court thus lacked subject matter jurisdiction to decide the motion, and it again declined to transfer Mr. Caraway's successive § 2255 motion to the Tenth Circuit because transfer would not have served the interest of justice. *Id.*

On March 25, 2019, Mr. Caraway filed a motion asking the court either to dismiss its March 6, 2019, Order or, alternatively, reconsider that Order. Doc. 145. Mr. Caraway argued that the court's Order was invalid because his case never had been properly reopened. *Id.* at 3. The court denied the motion on May 8, 2019. Doc. 146. The court explained that the administrative closing of the case does not divest the court of subject matter jurisdiction and personal jurisdiction. *Id.* at 7. Mr. Caraway appealed to the Tenth Circuit on May 24, 2019. Doc. 147. The Circuit denied his appeal. Doc. 159.

Mr. Caraway now has filed a motion seeking to disqualify the assigned judicial officer and re-open his case. Docs. 160, 161. He seeks relief under Federal Rule of Civil Procedure 60(b), Federal Rule of Criminal Procedure 37(a), and D. Kan. Rules 7.1 and 7.6.

## II. Discussion

Mr. Caraway's motion seeks to "Re-Open Closed and Terminated Case" (Doc. 161), and he has attached an Affidavit in Support (Doc. 161-1). The court construes these documents as two separate motions: a Motion to Disqualify, Recuse, Remove, and a Motion to Re-open Case.[2] The court addresses each motion, in turn, below.

---

[2]     Mr. Caraway also has filed a "Notice of Filing" his motion and affidavit which the Clerk of the Court has docketed as a pending motion. Doc. 160. To the extent Doc. 160 seeks any relief, the court construes it to seek the same relief that Mr. Caraway asks the court to order in Doc. 161. So, the court considers the two filings together.

### A. Motion to Disqualify

#### 1. Legal Standard

A motion seeking judicial disqualification under 28 U.S.C. § 144 requires the party moving for disqualification to file an affidavit in a timely manner that is sufficient to show that the judge holds a bias or prejudice. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists . . . ." *Id.* The sufficiency of such an affidavit is determined without considering the truth of the facts alleged. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978) (further citation omitted)). The facts alleged should lead a reasonable person to conclude that a judge has a special bias against the defendant. *Bell*, 569 F.2d at 559. In all, the affidavit must recite facts and reasons that give "fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* (quoting *Berger v. United States*, 255 U.S. 22, 33–34 (1921)). The court has the discretion to decide whether recusal is warranted under § 144. *Hinman*, 831 F.2d at 938. The Tenth Circuit reviews a trial court's recusal decision for abuse of that discretion. *Id.*

A motion under 28 U.S.C. § 455 requires a similar analysis. The statute provides, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* § 455(a).

#### 2. Analysis

Here, it is difficult to discern Mr. Caraway's central argument. But the court construes his motion as asserting two grounds for disqualification. First, Mr. Caraway asserts that the assigned judicial officer has continued to preside over his closed criminal case. Doc. 161-1 at 4. Mr. Caraway argues that "the underlying case was terminated and closed on July 30, 2007, and

the evaporated jurisdiction was never reinstated with the lawfully required 'Motion to Re-open Case' as advance[d] by the Defendant/Petitioner on January 10, 2019." *Id.* And second, it asserts that the undersigned has continued to preside under an invalid appointment. *Id.* at 2–3. He asserts that "[Judge Crabtree's] . . . fictitious office is borne from an unconstituted and nullified office." *Id.* at 6. He argues that these grounds amount to misconduct and fraud on the court warranting recusal.

The court can disregard both of these claims as frivolous. They do not give "fair support to the charge of a bent of mind" as § 144 requires. *Bell*, 569 F.2d at 559. Also, Mr. Caraway does not provide a reason that § 455(a) or (b) lists as sufficient grounds for disqualification. Although the court cannot consider the truth of the facts alleged in Mr. Caraway's Affidavit, he fails to demonstrate that the assigned judicial officer possesses a personal bias against him. Instead, he only challenges the assigned judicial officer's continued assignment to his closed criminal case as well as his judicial appointment, asserting that former President Barack Obama lacked American citizenship and thus was unqualified to hold the office of President. Doc. 161-1 at 5–6. Mr. Caraway asserts, without support, that the assigned judicial officer has an invalid judicial appointment. *Id.* at 11. And, he contends that the assigned judicial officer's "purported judicial office [is] an unconstit[ut]ional nullity with no power, force[,] or [e]ffect." *Id.* Mr. Caraway's unsubstantiated assertions present no basis for recusal. The court thus denies Mr. Caraway's Motion to Disqualify (Docs. 160, 161-1) because Mr. Caraway fails to establish any grounds to remove the assigned judicial officer from this case.

## B. Motion to Re-Open

Mr. Caraway cites several rules as providing grounds for his Motion to Re-Open. Doc. 161 at 1 (citing Fed. R. Civ. P. 60(b)(3), D. Kan. Rule 7.1 and 7.6, and Fed. R. Crim. P 37(a)).

But three of these rules provide no basis for the relief he seeks. First, Federal Rule of Criminal

Procedure 37(a) does not apply to Mr. Caraway's case. Rule 37(a) permits a district court to take

limited action on a motion despite having no jurisdiction because of a docketed and pending

appeal. Here, no current appeal is docketed or pending before the Tenth Circuit, so Rule 37

doesn't apply. Next, Mr. Caraway cites D. Kan. Rules 7.1 and 7.6. These rules simply provide

requirements for motions, supporting briefs, and memoranda in civil cases. So, those rules don't

provide a basis for the relief Mr. Caraway seeks. This conclusion leaves Federal Rule of Civil

Procedure 60(b)(3), the last rule cited by Mr. Caraway. The court thus construes Mr. Caraway's

motion as a motion under Rule 60(b)(3).

### 1. Legal Standard

Rule 60(b)(3) of the Federal Rules of Civil Procedure allows the court to relieve a party

from a final judgment based on "fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). But the court

first must consider whether Mr. Caraway's motion "should be construed as a successive § 2255

motion," thus depriving the court of jurisdiction to decide it. *United States v. Baker*, No. 06-

10129-JTM, 2012 WL 6130285, at *1 (D. Kan. Dec. 10, 2012) (citing *United States v. Nelson*,

465 F.3d 1145, 1147 (10th Cir. 2006)).

"Whether a postjudgment pleading should be construed as a successive § 2255 motion

depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to

correct an error in the previously conducted habeas proceeding itself." *Id.* (citing *Nelson*, 465

F.3d at 1147). If the post-judgment pleading argues a "'new ground for relief'" from the original

judgment, the court should treat that pleading as a successive § 2255 motion. *Id*. (quoting

*Nelson*, 465 F.3d at 1147). But if the post-judgment pleading challenges earlier federal habeas

proceedings, the court should not characterize it as a successive § 2255 motion.  *Id*. (citing

*Nelson*, 465 F.3d at 1147).

If the court construes a post-judgment pleading as a successive § 2255 motion, the

plaintiff first must seek approval from the Tenth Circuit.  *Id*. (citing *Nelson*, 465 F.3d at 1148–

49).  Unless the Circuit approves filing of a successive § 2255 motion, the district court lacks

jurisdiction to decide the motion.  *Id*. (citing *Nelson*, 465 F.3d at 1148).  Also, the Tenth Circuit

has explained, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court

without the required authorization from [the Tenth Circuit], the district court may transfer the

matter to [the Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.]

§ 1631."  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).  Alternatively,

the court "may dismiss the motion or petition for lack of jurisdiction."  *Id*.

### 2.  Analysis

Mr. Caraway's motion reasserts—for the third time—that no proper warrant issued

calling for his arrest.  He directs the court to Doc. 9, the arrest warrant.  He represents that a

United States Deputy Marshal arrested him around 8:00 a.m. on November 8, 2006, at his place

of employment.  But, he asserts, Doc. 9 reports that the warrant was executed at 11:20 a.m. on

November 8, 2006.  Mr. Caraway argues that the Deputy Marshal "falsified the federal record."

Doc. 161 at 3.  Additionally, Mr. Caraway contends that United States District Judge John W.

Lungstrum never signed the warrant, rendering it invalid under Federal Rule of Civil Procedure

4(d) or Federal Rule of Criminal Procedure 9(f).  Mr. Caraway concludes that a Deputy Clerk of

the Court "'issued' the warrant (post arrest) but failed to have the same signed by a judge as

mandated."  *Id.*  So, Mr. Caraway argues, his Fourth Amendment rights were violated.

Though Mr. Caraway has styled his motion as one under Rule 60(b)(3), this label can't hide the substance of the motion. In substance, it is a successive § 2255 motion. Mr. Caraway's motion again questions the validity of the warrant the court issued in 2006 authorizing his arrest. As this court and the Tenth Circuit have explained already, this argument seeks relief from his conviction and does not challenge an earlier habeas proceeding. Doc. 146 at 5; Doc. 159 at 3. And, the Tenth Circuit has not authorized the court to consider his motion. The court thus lacks jurisdiction to reach the merits of Mr. Caraway's motion. *In re Cline*, 531 F.3d at 1252 (noting district court may dismiss successive § 2255 motion for lack of jurisdiction until the Circuit grants authorization). For this reason, the court denies the § 2255 motion.

Although the court lacks jurisdiction over Mr. Caraway's successive § 2255 motion, the court has discretion to transfer the motion to the Tenth Circuit to acquire the requisite authorization to file a successive § 2255 motion if it is in the interest of justice. *In re Cline*, 531 F.3d at 1252. When deciding whether a transfer will serve the interest of justice, a district court should consider the following factors: (1) "whether the claims would be time barred if filed anew in the proper forum," (2) "whether the claims alleged are likely to have merit," (3) "and whether the claims were filed in good faith" (4) "or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

This court's decisions to dismiss and not transfer Mr. Caraway's previous, successive § 2255 motion have relied on the second *Cline* factor, *i.e.*, that the claims alleged were not likely to have merit. But here, the court finds that all of the *Cline* factors weigh against transfer. Exercising its discretion, the court dismisses Mr. Caraway's motion for lack of jurisdiction and declines to transfer the case to the Tenth Circuit.

*First*, the court lacks jurisdiction.  This motion was filed after the Circuit denied Mr. Caraway's appeal of this court's May 8, 2019 Order.  Mr. Carraway has failed to move the Circuit for authorization to file a successive § 2255 motion.  Without authorization from the Court of Appeals, the court lacks jurisdiction to consider a successive § 2255 motion.  *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).  Because the Circuit has not given authorization to Mr. Caraway, the court here does "not even have jurisdiction to deny the relief sought in the pleading."  *Id.*  Thus, this factor weighs against transfer.

*Second*, Mr. Caraway's claims lack merit.  Mr. Caraway asserts the same ground as in his previous petitions.  In his January 14, 2019 motion (Doc. 143), Mr. Caraway sought relief from this court on the ground that the warrant in this case was invalid.  He argues:  "It appears from reasonable examination of the Docket and Record of the court that Defendant was falsely arrested without any arrest warrant at all."  Doc. 143 at 3.  Here, he asserts this same argument verbatim.  *See* Doc. 161 at 3.  In its Order denying the motion, the court noted that the motion asserted two grounds supporting the argument of an invalid warrant.  The court ruled that "neither of the grounds that Mr. Caraway's Motion raises is likely to succeed on their merits."  Doc. 144 at 6.  This factor also weighs against transfer.

*Third*, Mr. Caraway did not file his claims in good faith.  This is Mr. Caraway's third attempt to assert his invalid warrant claims.  *See* Doc. 143 at 3 (filed Jan. 14, 2019); Doc. 145 at 4 (filed Mar. 25, 2019); Doc. 161 at 3 (filed Jan. 31, 2020).  This court has denied his claims on two separate times.  Doc. 140; Doc. 146.  And, the Tenth Circuit has denied Mr. Caraway's appeal of one of these orders.  Doc. 159.  Thus, two different courts have explained § 2255's requirements to Mr. Caraway.  And, as he continued to file successive motions, a "court might well conclude that his most recent . . . filing was not made in good faith."  *In re Cline*, 531 F.3d

9

at 1252 (citation omitted). As the court repeatedly has explained, it lacks jurisdiction over Mr. Caraway's successive motions. This factor weighs against transfer.

Concluding all three *Cline* factors weigh against transferring Mr. Caraway's successive § 2255 motion, the court finds the interest of justice does not favor transfer to the Tenth Circuit. The court declines to transfer Mr. Caraway's case to the Circuit. The court thus dismisses Mr. Caraway's motion (Doc. 161) because it lacks jurisdiction to decide it.

### C. Certificate of Appealability

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citations and internal quotation marks omitted). The court concludes that no reasonable jurist would find the court's assessment of Mr. Caraway's claims debatable or wrong. *See id.* The court thus declines to issue a certificate of appealability for Mr. Caraway's claims in his "Motion to Disqualify" and "Motion to Reopen Closed Case" (Docs. 160, 161).

### D. Conclusion

The court denies Mr. Caraway's "Motion to Reopen Closed Case" (Docs. 160, 161). First, the court declines recusal because Mr. Caraway only has asserted unsubstantiated allegations of bias. Second, the court denies his request to reopen the case. Mr. Caraway's motion raises successive § 2255 arguments. So, the court concludes it is without subject matter jurisdiction to evaluate them. The court also concludes that Mr. Caraway's motion is duplicative

10

of his two previous § 2255 motions.  Because all three *Cline* factors weigh against transferring

Mr. Caraway's successive § 2255 motion, the court declines to transfer this action to the Tenth

Circuit.  The court also declines to issue Mr. Caraway a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Caraway's Motion to

Disqualify (Docs. 160, 161) is denied.

**IT IS FURTHER ORDERED THAT** Mr. Caraway's Motion to Reopen Closed Case

(Doc. 161) is denied.

**IT IS SO ORDERED.**

**Dated this 14th day of April, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**