IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>THOMAS GUY CARAWAY,<br><br>                              Defendant. | Case No. 06-40138-01-DDC |

## MEMORANDUM AND ORDER

Mr. Caraway filed a motion to vacate his 18 U.S.C. § 924(c) conviction and sentence on Count 3 under 28 U.S.C. § 2255.  Doc. 167.  After briefing and a hearing, the parties now agree that the court should grant Mr. Caraway's Motion to Vacate Count 3.  They also agree that his motion is timely because he is actually innocent of the § 924(c) conviction, and that the court should amend Mr. Caraway's sentence on Count 1 to time served.

The parties agree that Mr. Caraway's 18 U.S.C. § 924(c) conviction in Count 3 is constitutionally invalid after *United States v. Davis*, 588 U.S. 445 (2019), because his predicate crime—mailing a non-mailable item as forbidden by 18 U.S.C. § 1716(j)(2)—could only have qualified as a crime of violence under the now invalid residual clause.  Section 1716(j)(2) prohibits mailing "anything declared nonmailable by this section . . . with intent to kill or injure another, or injure the mails or other property[.]"  Other subsections of § 1716 define various items declared non-mailable, including, among other things, poison, poisonous animals, explosives, inflammable materials, disease germs, certain kinds of knives, and intoxicating liquids.  28 U.S.C. §§ 1716(a), (f), (g).  As a result, § 1716(j)(2) does not have as one of its elements the use, attempted use, or threatened use of physical force, as necessary to qualify

categorically as a crime of violence under the force clause of § 924(c)(3)(A).  *See, e.g., Bullis v. United States*, 628 F. Supp. 3d 613, 621–23 (E.D.N.C. 2022) (holding that § 1716(j)(2) is not a crime of violence under the force clause of § 924(c)); *see also United States v. Taylor*, 596 U.S. 845, 850–51 (2022) (holding that an element of intent to take property by force or threat did not transform offense into crime of violence under force clause); *United States v. Kilmartin*, 944 F.3d 315 (1st Cir. 2019) (affirming § 1716 conviction for mailing cyanide to person who used it to commit suicide).

The Tenth Circuit already has held that *Davis* announced a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court, so Mr. Caraway's motion satisfies the requirements for a second or successive petition under § 2255(h).  *See In re Mullins*, 942 F.3d 975, 977 (10th Cir. 2019).  Section 2255(f)(3) generally requires a defendant to file a § 2255 motion within one year of the date when the Supreme Court recognizes a new right, and Mr. Caraway failed to file his motion within that statute of limitations.  But the parties agree, his motion now is timely nonetheless because he has established that he is actually innocent of the § 924(c) conviction, and actual innocence excuses his non-compliance with § 2255(f)(3)'s statute of limitations.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The parties agree that Mr. Caraway has established actual innocence or factual innocence, and not just legal insufficiency.  The "core idea" of actual innocence "is that the petitioner may have been imprisoned for conduct that was not prohibited by law."  *Pacheco v. Habti*, 62 F.4th 1233, 1244 (10th Cir. 2023); *see United States v. Hisey*, 12 F.4th 1231, 1236, 1239 (10th Cir. 2021) (applying actual innocence exception

to procedural default where defendant was "actually innocent" of possessing a firearm as a convicted felon as a matter of law). "[A]s a general rule a claim of actual innocence can be based on the failure to establish an element of the offense on which the defendant was prosecuted." *Pacheco*, 62 F.4th at 1244. A "crime of violence" is, "no less than the use of a firearm," an "essential conduct element of the § 924(c) offense." *Rosemond v. United States*, 572 U.S. 65, 74 (2014) (quotation cleaned up). Under these standards, Mr. Caraway has established actual innocence because the government no longer could establish the "crime of violence" element of the § 924(c) offense. *See United States v. Bowen*, 936 F.3d 1091, 1108–09 (10th Cir. 2019) (holding that defendant's "witness retaliation convictions do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A), and § 924(c)(3)(B) is void for vagueness, so [defendant] is actually innocent of § 924(c)(1)"); *United States v. Hall*, 798 F. App'x. 215, 217–18 (10th Cir. 2019) (holding that "because a § 1513(b) conviction cannot serve as the foundation for a valid § 924(c) conviction, [defendant] is actually innocent of violating § 924(c)(1)").

      Our court imposed a sentence of zero months on Count 1, the § 1716(j)(2) conviction, due to the 30-year mandatory minimum sentence that applied on Count 3's conviction. Doc. 73 at 2 (Order on sentencing issues explaining reason for downward variance on Count 1). But, this court may resentence a defendant on a related conviction after vacating a § 924(c) conviction in a § 2255 proceeding. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). And this court has broad powers under § 2255 to set a judgment aside and resentence a prisoner "as may appear appropriate." 28 U.S.C. § 2255(b). Here, Mr. Caraway does not seek a resentencing hearing. Because he already has served a sentence at or near the 20-year statutory maximum sentence on the remaining valid conviction under § 1716(j)(2), the parties request an amended sentence of time served on Count 1. The court agrees with their request.

This court therefore vacates Mr. Caraway's § 924(c) conviction and sentence on Count 3 and imposes a new sentence of time served on Count 1. An amended judgment will follow.

This order of time served is stayed for up to 10 days from the date the amended judgment is entered on the docket, to allow for release planning and transportation arrangements. Mr. Caraway may be released within the 10 days as soon as a release plan is approved, and travel arrangements are made.

**IT IS THEREFORE ORDERED THAT** the court grants Mr. Caraway's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 167). Mr. Caraway's § 924(c) conviction and sentence on Count 3 is vacated.

**IT IS FURTHER ORDERED THAT** the court imposes a new sentence of time served on Count 1.

**IT IS SO ORDERED.**

**Dated this 31st day of May, 2024, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
